RECEIVED
USDC CLERK, CHARLESTON.

2006 MAR 13 A 11: 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Levi Lingard, Jr., #228630, | ) | C. A. No. 2:05-2420-GRA-RSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -versus- | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Charleston City Police Department; Sgt. Pierce; H. Sellers; Boylston and/or Cpl. Jeff Miller; Charleston County Solicitor's Office; and Shaw Q. Goodrich, | ) | |
| | ) | |
| Defendants. | ) | |

This civil rights action pursuant to 42 U.S.C. § 1983[1], brought by Levi Lingard, Jr., a state prisoner proceeding <u>pro se</u> and <u>in forma pauperis</u>, is before the undersigned United States Magistrate Judge for a report and recommendation on the defendants' motion to dismiss and motion for summary judgement. 28 U.S.C. § 636(b).

---

[1] Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of Section 1983, titled a civil action for deprivation of rights reads in relevant portion: the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. 42 U.S.C. § 1983.

On August 24, 2005, the plaintiff, Levi Lingard, Jr., sued the Charleston City Police Department, Sgt. Pierce, H. Sellers, Boylston, and/or Cpl. Jeff Miller, the Charleston County Solicitor's Office, and Shaw Q. Goodrich, alleging that they violated his right to be free of unreasonable searches and seizures and his right to due process in relation to his arrest and prosecution for burglary. Lingard seeks one million dollars ($1,000,000.00) in damages.

On September 21, 2005, the defendants Charleston County Solicitor's Office and Shaw Q. Goodrich filed a motion to dismiss. On September 22, 2005, the plaintiff was provided a copy of the motion and was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). On October 31, 2005, the plaintiff filed a response in opposition to the motion to dismiss.

Thereafter, on November 28, 2005, the defendants filed a motion for summary judgment. On November 30, 2005, a second Roseboro order was entered advising the plaintiff of dismissal and summary judgment procedures and the possible consequences if he failed to respond adequately. On December 6, 2005, the plaintiff notified the court of a change of address, and the Clerk of Court's Office resent the Roseboro order and reset the

deadlines. On December 9, 2005, mail was returned as "Undeliverable" with the Roseboro Order. On December 30, 2005, the plaintiff notified the court of another change of address. On January 4, 2006, the plaintiff filed a motion for extension of time to respond to the motion for summary judgment. Thereafter, a third Roseboro order was entered giving the plaintiff an additional thirty-four (34) days to respond and advising the plaintiff again of dismissal summary judgment procedures and the possible consequences if he failed to respond adequately. Despite this explanation, the plaintiff elected not to respond to the motion. On February 16, 2006, the plaintiff he was given ten (10) days in which to file a response to the defendants' motion or risk having his case dismissed for failure to prosecute. Thereafter, the plaintiff filed a response in opposition to the pending motion for summary judgment without affidavits or verified exhibits and a motion to amend the complaint to add a cause of action for malicious prosecution. That motion was denied on February 28, 2006. Hence it appears consideration of the motions is appropriate.

## SUMMARY JUDGMENT STANDARD

Summary judgment should be granted when the record demonstrates that the requirements of Rule 56(c) have been met. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). Summary judgment is mandated where the party opposing the motion has failed to

establish the existence of an element essential to his case, and on which he bears the burden of proof. Id., 477 U.S. at 322. The party seeking summary judgment must inform the court of the basis for its motion, and identify those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party, however, need not offer proof that negates the opponent's claim; rather, as to issues on which the party opposing the motion has the burden of proof at trial, the party seeking summary judgment need only point to an absence of evidence to support the opponent's claim. The party opposing summary judgment must then point to facts evidencing a genuine issue for trial. Fed. R. Civ. P. 56c; see also, Anderson v. Liberty Lobby. Inc., 477 U.S. 242, 252 (1986).

Summary judgment should not be denied merely because the plaintiff raises a "metaphysical doubt" as to the material facts. Mathushita Electrical Industrial Co., Ltd v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Likewise, "unsupported speculation is not sufficient to defeat a summary judgment motion." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). If the plaintiff's evidence does not raise a genuine issue as to a material fact, then summary judgment is proper for the defendants. See, Anderson, 477 U.S. at 249-50 (where evidence is not significantly probative, then summary judgment is proper). Furthermore, even as to a material fact, an issue is genuine only

where the record establishes that the fact-finder could find, by a preponderance of the evidence, that the plaintiff is entitled to judgment in his favor. Id., 477 U.S. at 252.

## FACTS

The undisputed facts for purposes of the defendants' motions taken in the light most favorable to the plaintiff as the non-moving party, and all reasonable inferences therefrom, to the extent supported by the record are as follow.

On July 18, 2000, the residence of Darryl Richards in Charleston, South Carolina was burglarized. Richards reported that between 0630 and 1505, an unknown person entered his home and took various items including jewelry and electronics. (Incident Report of 7/18/000). Defendant Officer Boylston was a street officer who responded to the scene and had no further involvement in the case. (Aff. of Officer Boylston).

Defendant Corporal Jeffrey C. Miller also responded to the scene on behalf of the Crime Scene Unit at approximately 1848 and, in his capacity as a crime scene technician, identified the point of entry for the burglary as being through a second floor window into Richards' residence. Miller found that a second floor window was broken and that the screen had been placed back in place. (Aff. Corporal Miller). Eight fingerprints were obtained at the scene. (Crime Scene Report of 7/18/00). Latent fingerprint lift #8 was later identified as the right thumb print

of the plaintiff. The match was reported to the defendant Sergeant Harry Pierce on July 21, 2000. (Supplementary Report of Sergeant Pierce and Criminal Identification Section Report and Amended Report dated Jun 19, 2003).

Sometime later in the month, the victim contacted the Charleston Police Department and reported that a witness named Willard Smith revealed that the plaintiff Lingard was seen at the scene of the burglary the previous evening. Smith also revealed that Lingard was wearing a distinctive shirt which was recovered at the scene. (Supplemental Report dated 7/18/00). The shirt was collected by Sgt. Pierce on August 3, 2000. (Case Report). Pierce signed an affidavit and an arrest warrant for the plaintiff was issued by a magistrate on July 25, 2000. (Arrest Warrant 0432431 and Aff.).

On September 3, 2000, the plaintiff was arrested by the defendant officer Henry Sellers. (Booking Report). The arrest warrant was filed on that same date. Plaintiff was given a $50,000 personal recognizance bond on October 12, 2000, and he was indicted for burglary first degree on December 4, 2000. Plaintiff failed to appear for General Sessions Court on March 25, 2002, and April 1, 2002, and a bench warrant was issued by a judge on April 5, 2002. Plaintiff was arrested on August 22, 2002. The plaintiff was tried and was found not guilty for the July 2000 burglary on September 25, 2003. The plaintiff asserts

that he was maliciously prosecuted by the defendants who lied to obtain the warrant and to attempt to convict him. This action followed on August 24, 2005. The plaintiff points to no evidence of any lies or malicious conduct on the part of the defendants and relies solely on his own denial and acquittal to support his claims.

## DISCUSSION

A review of the record and relevant case law reveals that the defendants Charleston County Solicitor's Office and Shaw H. Goodrich are entitled to absolute immunity and the remaining defendants are entitled to qualified immunity.

In Imbler v. Pachtman, 424 U.S. 409 (1976), the United States Supreme Court set forth the standards governing the prosecutor's common law entitlement to absolute immunity from suit and held that the same absolute immunity applies to suits under 42 U.S.C. § 1983. A prosecutor like defendant Goodrich is immune from suit for "initiating a prosecution and in presenting the State's case" under § 1983. Imbler, at 431. The Court of Appeals for the Fourth Circuit has also adopted the rationale of Imbler in holding that prosecutors are entitled to absolute immunity when performing prosecutorial functions. See, Ehrlich v. Giuliani, et. al., 910 F.2d 1220 (4th Cir. 1990).

It appears that even from a liberal reading of the complaint that all of the allegations against Goodrich and the Charleston

7

County Solicitor's Office arise from actions undertaken during prosecutorial activities. As a result, these defendants are entitled to absolute immunity.

It further appears that defendants Charleston City Police Department, Pierce, Sellers, Boylston, and Miller are entitled to qualified immunity from suit. Qualified immunity shields government employees from civil liability where the allegedly offensive actions could reasonably have been consistent with the rights allegedly violated. Anderson v. Creighton, 483 U.S. 635, 639 (1987); Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Such immunity can he established by showing either that the right allegedly violated was not "clearly established," or that, while the right was "clearly established," it was one that a reasonable official "could have failed to appreciate would have been violated by his conduct." Pritchett v. Alford, 973 F.2d 307, 312 (4th Cir. 1992) (citing Mitchell v. Forsyth, 472 U.S. 511,535 (1985)). Qualified immunity protects "all but the plainly incompetent and those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 341 (1986). In that regard, qualified immunity "gives ample room for mistaken judgments" and accommodates for "reasonable error". Id. at 343.

Once raised, immunity is a threshold issue, which should be addressed early in the action because if it can be shown to be a valid defense, the defendants are entitled to dismissal. Siegert

v. Gilley, 500 U.S. 226, 331 (1991). For that reason, the issue of immunity should be addressed before discovery is allowed. This standard permits insubstantial lawsuits to be quickly terminated. Hanrahan v. Hampton, 446 U.S. 754 (1980).

In Pritchett v. Alford, 973 F.2d 307 (4th Cir. 1992), the court outlined a three step inquiry for determining whether qualified immunity is an applicable defense:

> 1. Identify the specific constitutional right allegedly violated;
>
> 2. determine whether, at the time of the alleged violation, the right was clearly established; and
>
> 3. determine whether a reasonable person in that official's position would have known that his conduct would violate that right.

Id. at 312.

An official's entitlement to qualified immunity is based upon an objective reasonableness standard. Torchinsky v. Siwinski, 942 F.2d 257 (4th Cir. 1991). "The very idea of reasonableness requires that courts accord interpretive latitude to official judgments." Id., at 261. "If reasonable mistakes were actionable, difficult questions of discretion would always be resolved in favor of inaction, and effective law enforcement would be lost." Id.

This is not a difficult case. There is no evidence that any constitutional rights of the plaintiff were violated: there is no allegation of a Fourth Amendment deprivation or a due process

9

violation because there was probable cause for his arrest. In assessing the existence of probable cause, courts examine the totality of the circumstances known to the officer at the time of the arrest. United States v. Al-Talib, 55 F.3d 923, 931 (4th Cir. 1995). Probable cause exists when the facts and circumstances known to the officer "would warrant the belief of a prudent person that the arrestee had committed or was committing an offense." United States v. Garcia, 848 F.2d 58, 59-60 (4th Cir. 1988). Probable cause must be supported by more than a mere suspicion, but evidence sufficient to convict is not required. Wong Sun v. United States, 371 U.S. 471, 479 (1963).

It was conclusively determined that probable cause existed for the plaintiff's arrest for the July 18, 2000 burglary when the judicial officer issued a warrant. As reviewed supra, the facts known at the relevant time were as follows: (1) The victim Richards reported that on July 18, 2000, between 0630 and 1505, an unknown person entered his home and took various valuable items; (2) Crime Scene Technician Corporal Jeffrey Miller investigated the scene and noted the point of entry to be a second floor window; (3) The victim's apartment is on the second floor; (4) The second floor window appeared to be broken and the screen had been moved back into place; (5) Eight fingerprints were taken from the screen and window area; (6) An analysis was performed of the prints and one was identified as the right thumb

10

print of the plaintiff; (7) Smith witnessed the plaintiff at the scene wearing a distinctive shirt, which shirt was recovered at the scene; (8) a magistrate issued a warrant for the plaintiff's for the July 18, 2000, burglary. Further, Assistant Solicitor Goodrich affied that the above-listed information formed the basis of the plaintiff's prosecution.

In short, the existence of probable cause negates any of the plaintiff's arguments that his arrest and prosecution were unconstitutional. The law was not clearly established that the plaintiff's arrest and prosecution under these circumstances violated any of his constitutionally protected rights. The defendants are entitled to dismissal of the action based on their entitlement to qualified immunity.

Lastly, the defendants have moved that the court determine that this action is frivolous pursuant to §§ 1915(e)(2)(B) and 1915(b)(1) and counted as a "strike" for purposes of the Prison Litigation Reform Act (PLRA) § 1915(g). It appears that motion should be granted.

## CONCLUSION

Accordingly, for the aforementioned reasons, it is recommended that the defendants' motions be granted, the action be deemed a "strike" under the PLRA, and the matter ended.

Respectfully submitted,

*Robert S. Carr*

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina
March __13__, 2006

11

<u>Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"</u>
<u>&</u>
The **Serious Consequences** <u>of a Failure to Do So</u>

      The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3, 1992 U.S.Dist. LEXIS® 6243 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

      During the ten-day period, <u>but</u> <u>not</u> <u>thereafter</u>, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** See Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** See Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**
