UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Levi Lingard, Jr., # 228630,<br><br>                               Plaintiff,<br>v.<br><br>Charleston City Police Department; Sgt. Pierce; H. Sellers; Boylston and/or Cpl. Jeff Miller; Charleston County Solicitor's Office; and Shaw Q. Goodrich,<br><br>                               Defendants. | C/A No. 2:05-2420-GRA-RSC<br><br>ORDER<br>(Written Opinion) |

This matter is before the Court for a review of the magistrate's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C., and filed March 13, 2006. Plaintiff brought this suit pursuant to 42 U.S.C. § 1983. Plaintiff alleges in his complaint, filed August 24, 2005, that Defendants violated his right to be free of unreasonable searches and seizures and his right to due process in relation to his arrest and prosecution for burglary. On September 21, 2005, the defendants Charleston County Solicitor's Office and Shaw Q. Goodrich filed a motion to dismiss. Because Plaintiff is proceeding *pro se*, he was advised on September 22, 2005, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendants' motion to dismiss with additional evidence or counter-affidavits could result in the dismissal of his complaint. Plaintiff

1

filed a memorandum in opposition to the motion to dismiss on October 31, 2005.

Thereafter, on November 28, 2005, Defendants filed a motion for summary judgment, incorporating arguments from the earlier filed motion to dismiss. On November 30, 2005, a second *Roseboro* order was entered advising Plaintiff of dismissal and summary judgment procedures and the possible consequences if he failed to respond adequately. On December 6, 2005, Plaintiff notified the court of a change of address, and the Clerk of Court's Office resent the *Roseboro* order and reset the deadlines. On December 9, 2005, mail was returned as "Undeliverable" with the *Roseboro* order. On December 30, 2005, Plaintiff notified the court of another change of address. On January 4, 2006, Plaintiff filed a motion for extension of time to respond to the motion for summary judgment.

Thereafter, a third *Roseboro* order was entered giving Plaintiff an additional thirty-four (34) days to respond and advising Plaintiff again of dismissal and summary judgment procedures and the possible consequences if he failed to respond adequately. Despite this explanation, Plaintiff elected not to respond to the motion. On February 16, 2006, Plaintiff was given ten days in which to file a response to Defendants' motion or risk having his case dismissed for failure to prosecute. On February 17, 2006 Plaintiff filed a response in opposition to the pending motion for summary judgment without affidavits or verified exhibits and a motion to amend the complaint to add a cause of action for malicious prosecution. The motion to amend complaint was denied on February 28, 2006.

The magistrate recommends granting Defendants' motion for summary judgment based on the finding that defendants Charleston County Solicitor's Office and Shaw H. Goodrich are entitled to absolute immunity and the remaining defendants are entitled to qualified immunity. For the reasons stated below, Defendants' motion for summary judgment is GRANTED.

This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

Parties must file with the clerk of court specific, written objections to the Report and Recommendation, if they wish the United States District Judge to consider them. Any written objections must specifically identify the portions of the Report and

Recommendation to which objections are made and the basis for such objections. Fed. R. Civ. P. 72(b); *See Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983). Plaintiff filed objections on March 29, 2006.

While Plaintiff does not clearly outline his separate objections, it appears to the Court that Plaintiff objects to the magistrate's Report and Recommendation on three grounds. Plaintiff first objects on the ground "that summary judgment should not be granted until the party opposing the motion has had an adequate opportunity for discovery." (Plaintiff's Obj. at 3). However, the magistrate correctly noted that:

> Once raised, immunity is a threshold issue, which should be addressed early in the action because if it can be shown to be a valid defense, the defendants are entitled to dismissal. *Siegert v. Gilley*, 500 U.S. 226, 331 (1991). For that reason, the issue of immunity should be addressed before discovery is allowed. This standard permits insubstantial lawsuits to be quickly terminated. *Hanrahan v. Hampton*, 446 U.S. 754 (1980).

(Mag. R&R at 8-9). Therefore, Plaintiff's objection is without merit.

Plaintiff next objects by arguing that Defendants are "not entitled to qualified immunity when the facts of the case shows that each actor and agent of the

4

defendants directly or indirectly used false misleading statement[s] to prosecute plaintiff as well as establishing probable cause at each stage of the adversary proceeding. " (Plaintiff's Obj. at 7).  In support of this objection, Plaintiff attempts to create a genuine issue of material fact by making unsupported factual allegations and drawing unfounded factual conclusions.  "[U]nsupported speculation is not sufficient to defeat a summary judgment motion." *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987).  Therefore, Plaintiff's objection is without merit.

Lastly, Plaintiff objects to the magistrate's denial of Plaintiff's motion to amend complaint.  Plaintiff wanted to amend the complaint to add a cause of action for malicious prosecution.  Because the Court adopts the magistrate's finding that Defendants are protected by absolute or qualified immunity, the Court finds it was harmless error to deny the motion to amend complaint.  Therefore, this objection is without merit.

After a review of the magistrate's Report and Recommendation, this Court finds that the report is based upon the proper law.  Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS THEREFORE ORDERED that Defendants' motion for summary judgment be GRANTED.

IT IS FURTHER ORDERED that Plaintiff's "Objection to Magistrate Judge Order Denying Leave to Amend Complaint" be DENIED.

IT IS FURTHER ORDERED that because this action is frivolous pursuant to §§

1915(e)(2)(B) and 1915(b)(1), this action is counted as a "strike" for purposes of the Prison Litigation Reform Act (PLRA) § 1915(g).

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

April   5  , 2006


### NOTICE OF RIGHT TO APPEAL

Plaintiff has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.